# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2013

No. 12-60733
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID HAROLD DUBOSE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CR-105-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Harold Dubose argues his 24-month prison sentence imposed upon the revocation of his supervised release, which is above the guidelines policy statement range of 4 to 10 months but at the statutory maximum of 24 months, is procedurally and substantially unreasonable. He does not challenge the newly imposed 20-year term of supervised release.

Dubose asserts "[t]he district court's failure to provide any reason as to why it ordered a significantly above-Guidelines sentence in this case renders the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence plainly unreasonable." Because Dubose did not object below to the district court's failure to give reasons for its above-guidelines sentence, we review for plain error only. *See United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009). "Although the district court clearly erred by failing to state the reasons for imposing an above guideline sentence, [Dubose] has not met his burden of establishing that the error affected his substantial rights or that the error affected the public reputation of judicial proceedings, either here or in the district court." *Id.* at 265.

He also asserts that, in light of the recommended guidelines range, the sentence imposed is unreasonably long. Dubose's objection to the imposition of a nonguidelines sentence did not preserve a challenge to the substantive reasonableness of the sentence and, thus, we review for plain error. *See Whitelaw*, 580 F.3d at 259-60. The guidelines range of 4 to 10 months was based solely on the highest grade violation and Dubose's underlying criminal history category. It did not take into account the number, nature, or timing of the violations of the conditions of his release. Moreover, we have routinely upheld sentences following revocation that, as here, exceed the recommended guidelines range but are within the statutory maximum. *See e.g.*, *United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). Dubose's sentence to the 24-month statutory maximum does not constitute error, much less plain error. *See Whitelaw*, 580 F.3d at 265.

AFFIRMED.